IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-66,569-03






EX PARTE WILLIAM DALE CULPEPPER, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. CF-05086 IN THE 76TH DISTRICT COURT


FROM CAMP COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual
assault and sentenced to twenty years' imprisonment. He did not appeal his conviction.

 Applicant contends, among other things, that trial counsel rendered ineffective assistance
because he failed to convey a plea offer of ten years and to investigate the complainant's recantation.
Applicant also contends that he is actually innocent because the complainant recanted. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Elizondo, 947 S.W.2d 202 (Tex. Crim. App. 1996). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order Applicant's trial counsel to respond to Applicant's claim of ineffective assistance of
counsel. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
he is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to
represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall first make findings of fact as to: (1) whether the complainant recanted
and, if so, whether her recantation is credible; (2) whether the State made a plea offer of ten years
and, if so, whether that offer was timely conveyed to Applicant; and (3) whether counsel investigated
the complainant's allegations. The trial court shall then make conclusions of law as to whether
counsel was deficient and, if so, whether his deficient performance prejudiced Applicant. Finally,
the trial court shall make conclusions of law as to whether Applicant has established that he is
actually innocent. The trial court shall also make any other findings of fact and conclusions of law
that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus
relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: May 19, 2010

Do not publish